**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NIKISHA BURKS<br><br>Plaintiff<br><br>v.<br><br>LUTHERAN SOCIAL SERVICES OF ILLINOIS, et al.<br><br>Defendant | No. 25-cv-12584<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

NiKisha Burks sues her former employer Lutheran Social Services of Illinois ("LSSI") and Teddy Umstead Foster ("Umstead Foster") (collectively, "Defendants"), alleging she experienced unlawful employment discrimination. Defendants move to dismiss Burks' complaint for failure to state a claim. For the reasons stated herein, that motion is granted.

## I. Background

The following factual allegations taken from the Complaint are accepted as true for purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Burks was employed as a crisis counselor at LSSI from February 17, 2020 until she was terminated on October 28, 2024. [1] at 1. In her complaint, Burks alleges that on September 14, 2024, she "arrived at a situation . . . involving a patient that [she] and another employee of a different race [were] resolving." *Id.* Burks' complaint does not describe this "situation," but she alleges the other employee "being of a

different race resulted in racial discrimination and an investigation being handled unjustly." *Id.* Burks alleges she was "wrongfully terminated" and "continued enduring racial discrimination while attempting to file a grievance." *Id.*

Burks filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 2. On July 15, 2025, the EEOC declined to proceed with Burks' claims and issued notice of her right to sue. *Id.* On October 11, 2025, Burks filed this Complaint. *Id.* at 1. Burks brings claims under Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act ("IHRA"), the Illinois Mental Health and Developmental Disabilities Confidentiality Act ("MHDDCA"), and the Abused and Neglected Child Reporting Act ("ANCRA").[1]

Defendants move to dismiss all of Burks' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing she fails to state a claim upon which relief can be granted. [22] at 3.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint will survive a 12(b)(6) motion to dismiss if, after the court disregards any portions that are "no more than conclusions," it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A

[1] The Court previously dismissed claims under the Health Insurance Portability and Accountability Act ("HIPAA") and LSSI's employee handbook, where HIPPA does not confer a private right of action and the violation of an employee handbook does not state a cause of action. [11].

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "'Plausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015)). After *Twombly* and *Iqbal*, a plaintiff seeking to survive a motion to dismiss must "plead some facts that suggest a right to relief that is beyond the speculative level." *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009) (internal quotation marks omitted). That is, "[w]hile a plaintiff need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (internal quotation marks omitted).

## III. Analysis

Litigants proceeding *pro se* are not held to the same pleading standards as lawyers. *See Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir.1999) (holding that "it is well-settled law in this circuit that *pro se* complaints are not held to the stringent standards expected of pleadings drafted by lawyers. Rather, *pro se* complaints are to be liberally construed"). Additionally, the Seventh Circuit has made clear that plaintiffs alleging race discrimination need not provide great detail to state a claim. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010); *see also Carlson v.*

*CSX Transp., Inc.,* 758 F.3d 819, 827 (7th Cir. 2014). However, even under these lenient standards, Burks' complaint falls short.

Burks' one-page complaint brings claims under Title VII, IHRA, MHDDCA, and ANCRA, but her factual allegations relate only to alleged employment discrimination under Title VII and IHRA. Burks alleges that on September 14, 2024, she "arrived at a situation" involving "another employee of a different race." [1] at 1. Burks follows this allegation with a series of conclusory statements: "racial discrimination in the form of direct discrimination was experienced;" "I was wrongfully terminated on 10/28/2024 then continued enduring racial discrimination while attempting to file a grievance;" "[t]his employee being of a different race resulted in racial discrimination and an investigation being handled unjustly." *Id.* These conclusory statements are not enough to survive a motion to dismiss. *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 886 (7th Cir. 2012) ("The assertion is merely a conclusion, unsupported by the necessary factual allegations to support a reasonable inference of discriminatory intent.") (citing *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937); *see also Walton v. First Merchants Bank,* 772 F. App'x 349, 350 (7th Cir. 2019) (affirming district court's dismissal of *pro se* complaint alleging race discrimination where the "allegations of discrimination were conclusory").

To avoid dismissal for failure to state a claim in the employment discrimination context, "a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). "Plausibility requires 'more than a sheer

possibility that a defendant has acted unlawfully'; plaintiffs must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Walton v. First Merchants Bank*, 772 F. App'x 349, 350 (7th Cir. 2019) (citing *West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016)); *see also Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 855 (7th Cir. 2019) (a plaintiff asserting a discrimination claim "cannot rely on . . . generalized allegations alone, however, but must combine them with facts particular to [her] case to survive a motion to dismiss"). Here, Burks has alleged no facts that allow the Court to plausibly infer that she experienced discrimination. The only mention of race in her complaint—beyond the conclusory statements outlined above—is the fact that the "situation" that occurred during her work shift on September 14, 2024 involved "another employee of a different race." [1] at 1. She does not describe the "situation," or present any facts that show a plausible connection between her race and Defendants' decision to terminate her. Without more, her complaint does not state a claim to relief that is plausible on its face. *See Kaminski* 23 F.4th at 776 (affirming dismissal of *pro se* complaint that "failed to allege facts showing a connection between [plaintiff's] membership in a protected class and [defendant's] decision to terminate her").

Burks' other claims under MHDDCA and ANCRA have even less factual support. Burks' complaint merely alleges Defendants have violated these laws, but provides no facts to support that allegation. As such, these claims are clearly deficient under Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (complaint must contain, among other things, "a

short and plain statement of the claim showing that the pleader is entitled to relief"). As such, where Burks' complaint contains little more than conclusory allegations that she experienced discrimination and was wrongfully terminated, it fails to state a claim under Title VII, IHRA, MHDDCA, or ANCRA, and must be dismissed.

Burks names Umstead Foster individually but there are no allegations concerning Foster in the body of the complaint. In addition (1) there are no allegations about Foster in Burks' Charge of Discrimination filed with the EEOC; and (2) there is no individual liability under Title VII or the IDHR. Accordingly, all claims against Umstead Foster must be dismissed with prejudice.

## IV. Conclusion

For the stated reasons, Defendants' motion to dismiss [22] is granted. Plaintiff's complaint is dismissed without prejudice as to LSSI and with prejudice as to Umstead Foster. Plaintiff's motion to dismiss Defendants' motion to dismiss [35] is denied. Plaintiff is permitted to file a motion to file an amended complaint by October 30, 2026. Her motion should set forth how an amended complaint will strictly comply with this order pursuant to Fed. R. Civ. Pro. 15. She is cautioned that she will have to establish that this Court has jurisdiction over any claim brought under the IHRA. If Plaintiff does not file a motion to amend by October 30, 2026, this case will be dismissed with prejudice.

E N T E R:

Dated: October 16, 2026

MARY M. ROWLAND
United States District Judge